IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICH AUREL, #317239      *
    Plaintiff
  v.      *      CIVIL ACTION NO. ELH-17-3137

PARRISH T. KAMMAUF      *
C.D.R.M. SCOTT STEININGER
    Defendants.      *
    *****

## MEMORANDUM

On October 23, 2017, the court received a prisoner civil rights action (ECF 1) and motion for leave to proceed in forma pauperis (ECF 2) filed by Mich Aurel,[1] an inmate confined at the North Branch Correctional Institution ("NBCI"). Aurel states that he is Jewish and, since January 2017, defendants have denied him particular foods from the religious diet menu, such as certain vegetables and dressings at lunch and dinner. Further, he alleges that the meals from the religious diet menu do not contain the proper quantity of food. ECF 1 at 2-3.[2] And, Aurel asserts that inmates in the NBCI Jewish community have been denied all food from the kosher menu for 300 days and are "starving." *Id*. at 4. He asks to be provided "all the food from [the] religious diet menu, kosher" on a daily basis, and seeks damages of $1,000,000.00. *Id*. at 5.

This case represents one of thirty-seven actions Aurel has filed in this court over the past five years.[3] In three of those cases Aurel was granted leave to proceed in forma pauperis pursuant

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

[2] All page citations refer to the electronic pagination that appears through CM/ECF.

[3] In addition to this action, Aurel has filed a total of thirty-seven civil rights cases in this court, all but four of which have been assigned to me. They are *Aurel v. United States.*, Civil Action No. JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.);

to the provisions of 28 U.S.C. § 1915(a). Those cases were dismissed as frivolous or for the failure to state a claim.[4] He was notified that the dismissals constituted "strikes" under § 1915(e), and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[5]

---

*Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.); *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374 (D. Md.); *Aurel v. Jessup Correctional Institution Mail Room*, Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036 (D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.); *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional Institution, et al.*, ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v. Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden.*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-3142 (D. Md.); *Aurel v. Sawyers, et al.*, Civil Action No. ELH-16-280 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); *Aurel v. Warden*, Civil Action No. ELH-16-1494 (D. Md.); *Aurel v. Nines*, Civil Action No. ELH-16-1839 (D. Md.); *Aurel v. Fornay, et al.*, Civil Action No. ELH-16-2941 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 (D. Md.); *Aurel v. Bohrer*, Civil Action No. ELH-16-3858; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-335 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-336 (D. Md.); *Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.); and *Aurel v. United States of America, et al.*, Civil Action No. ELH-17-2158 (D. Md.). In addition, another recent civil filing, *Aurel v. Hammons*, Civil Action No. ELH-17-3138 (D. Md.), was dismissed on November 1, 2017.

[4] *See Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

[5] Specifically, §1915g) mandates that:

Aurel does not allege that he faces imminent danger of serious physical injury at the time he filed his complaint, and there is no plausible basis for concluding such a danger exists. *See Dotson v. Shelby County*, 2014 WL 3530820, *6 (W.D. Tenn. 2014) (holding refusal to provide a religiously sanctioned diet may satisfy the imminent danger requirement of § 1915(g) if inmate suffers physical harm). An examination of the medical record provided in *Aurel v. The Staff of Wexford Health Sources, Inc.*, Civil Action No. ELH-17-1201, is instructive.[6] It shows that Aurel has not lost any weight from the alleged failure to provide him the items and quantity of food on the religious menu diet. For example, from November of 2016 to May of 2017, Aurel, who is 5'10" in height, has maintained a weight between 224 and 240 pounds. ECF 13-4 at 151, 153, 156, 158, 160, 162, 168, 173, 178, 180, 181, 184, 186 & 189.

Therefore, because Aurel has had three cases previously dismissed under 28 U.S.C. § 1915(g), he may not procced in this action unless he (1) pays the full $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury.

Although Aurel is barred here from filing a suit without the payment of the filing, the court is not insensitive to all of his constitutional claims. Indeed, this court has permitted Aurel

---

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[6] The Court may take judicial notice of its own cases. *See* Fed. R. Evid. 201; *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 Fed. App'x 200 (4th Cir. 2016).

to proceed with a suit, in forma pauperis, against NBCI's private healthcare contractor and staff. *See Aurel v. Wexford Health Sources, Inc.*, Civil Action No. ELH-17-1201 (D. Md.). The allegations raised here, however, do not overcome the bar of § 1915(g).

Aurel is forewarned that should he attempt to file another civil rights action in this court, it must be accompanied by the civil filing fee, unless it contains substantive allegations that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his Complaint shall be dismissed, without prejudice, by separate Order to follow.


Date: November 2, 2017              _____/s/_____
                                    Ellen L. Hollander
                                    United States District Judge